**Opinion filed March 19, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00299-CR

_____

### ZACHARY ISACC WINEGEART, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 22505**

## MEMORANDUM OPINION

Appellant, Zachary Isacc Winegeart, originally pleaded guilty to the state jail felony offense of possession of less than one gram of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017). Pursuant to the terms of a plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for four years, and imposed a fine of $2,000. The State subsequently filed a motion to proceed with an adjudication of guilt. At Appellant's request, the trial court extended the period of community supervision for four years

and added a condition of community supervision that required Appellant to reside at an Intermediate Sanction Facility for a term of not less than 180 days. The State dismissed the motion to adjudicate.

The State subsequently filed a second motion to proceed with an adjudication of guilt. During the hearing on the motion, the State called Nathan Wade Honeycutt, an indirect supervision officer, to testify in support of the motion, and Appellant's fiancée to testify about Appellant's drug use. Appellant also testified and admitted that he had used drugs and failed to report as required while he was on community supervision. Appellant testified that he stopped reporting and stopped paying the required fees because he believed that his community supervision was discharged at the same time that he was released from community supervision in another county. The trial court found all but one of the State's allegations to be true, adjudicated Appellant guilty of possession of less than one gram of a controlled substance, and sentenced Appellant to two years' confinement. We modify and affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

2

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The State presented evidence in support of the allegations in its motion to adjudicate, and Appellant admitted that he violated the terms of his community supervision. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Further, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible error. First, there is a variation between the oral pronouncement of sentence and the written judgment of adjudication. The written judgment requires Appellant to pay $705.98 for court costs. The bill of cost reflects that the court costs include a fine of $2,000. After Appellant was given credit for the payments that he made while on community supervision, the remaining court costs were $705.98, the amount included in the judgment.

When the trial court assessed Appellant's punishment and orally pronounced sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 43.03 (West 2018); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment to delete the court costs of $705.98. *See Taylor*, 131 S.W.3d at 502. We also delete the $2,000 fine from the bill of cost. *See Noonkester v. State*, No. 02-14-00147-CR, 2015 WL 831421, at *2 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication) (deleting fine that was not orally pronounced from bill of cost).

Second, the bill of cost indicates that Appellant was assessed a fee of $400 for a court-appointed attorney during the adjudication proceedings. Attorney's fees as set forth in a certified bill of cost are effective even if not incorporated by reference in the written judgment. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). There must be sufficient evidence to support an assessment of attorney's fees in a bill of cost. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010).

The clerk's record reflects that Appellant completed an "Indigence Form" and that the trial court appointed an attorney to represent Appellant during the adjudication proceedings. Because the trial court determined that Appellant was indigent and because nothing in the record demonstrates that he was able to pay all or part of his attorney's fees, attorney's fees cannot be assessed against Appellant as court costs. *See id.* at 555–56; *Jackson v. State*, 562 S.W.3d 717, 723 (Tex. App.—

4

Amarillo 2018, no pet.). We, therefore, delete the assessment of $400 for attorney's fees from the bill of cost. *See Hunter v. State*, No. 12-15-00268-CR, 2016 WL 1599917, at *2 (Tex. App.—Tyler Apr. 20, 2016, no pet.) (mem. op., not designated for publication) (modifying bill of cost to delete assessment of attorney's fees); *Noonkester*, 2015 WL 831421, at *2.

We grant counsel's motion to withdraw, and we modify the judgment of the trial court to delete the court costs of $705.98. We also delete the fine of $2,000 and the assessment of attorney's fees in the amount of $400 from the bill of cost. As modified, we affirm the judgment of the trial court.

PER CURIAM

March 19, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Stretcher, J.,
Wright, S.C.J.,[2] and Judge Trotter[3]

Bailey, C.J., and Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

[3]The Honorable W. Stacy Trotter, 358th District Court, Ector County, Texas, sitting by assignment.